UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Deon Sinkfield, Jr., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>United States of America Inc.,<br><br>Defendant. | Civil No. 24-0002 (DWF/DJF)<br><br><br><br>**ORDER** |

In November 2023, Plaintiff Deon Sinkfield, Jr., filed a complaint in the United States District Court for the Middle District of Pennsylvania raising nearly incomprehensible allegations against an entity he called the "Quasi Corporation of America." None of the allegations in the complaint had anything to do with the Middle District of Pennsylvania, and so that court transferred the matter to this District, where Sinkfield resides. Sinkfield never paid the filing fee for that action or applied for *in forma pauperis* status, and his lawsuit eventually was dismissed without prejudice for failure to prosecute. *See Sinkfield v. Quasi Corporation of America*, No. 23-CV-3551 (ADM/DJF), Doc. No. 8 (D. Minn. Dec. 11, 2023). In dismissing the case for failure to prosecute, however, Judge Ann D. Montgomery noted that even if Sinkfield had paid the filing fee or applied for *in forma pauperis* status, the case would have been dismissed *sua sponte* as frivolous. As Judge Montgomery explained, "[t]he pleading submitted by Sinkfield is not merely frivolous, but incomprehensible. There is no arguable basis upon

which to conclude from the pleading that Sinkfield could possibly be entitled to relief from the United States." *Id*. at 2.

Around the same time that Sinkfield had filed his lawsuit in the Middle District of Pennsylvania, he also filed a substantially similar lawsuit—this lawsuit—in the United States District Court for the Eastern District of Pennsylvania. As in the first case, Sinkfield's pleading did not present claims related in any way to the venue in which it had been filed, and the lawsuit was transferred to this District.

Whereas Sinkfield's earlier lawsuit was dismissed for failure to prosecute, this action will be dismissed as frivolous. *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996) (noting that a district court may *sua sponte* dismiss a frivolous complaint prior to service of process); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee."). The pleading is scarcely intelligible, but to the extent that it can be understood at all, none of the claims asserted against the federal government have any basis in law or in fact. This case is dismissed.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that this matter is **DISMISSED AS FRIVOLOUS.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 4, 2024          s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge